UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARSHALL SIDELL CREW,<br><br>Petitioner,<br><br>v.<br><br>JASON BENNETT,<br><br>Respondent. | CASE NO. 2:24-cv-00709<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

## 1. INTRODUCTION

This matter comes before the Court on the Report and Recommendation (R&R) of the Honorable David W. Christel, U.S. Magistrate Judge, regarding pro se Petitioner Marshall Sidell Crew's application to proceed in forma pauperis (IFP) and proposed habeas petition. Dkt. No. 6. Having closely reviewed Crew's filings, the record, and the law, the Court, for the reasons explained below, ADOPTS the R&R and DISMISSES this action WITHOUT PREJUDICE in its entirety for failure to prosecute and failure to comply with a court order.

## 2. BACKGROUND

Pro se Petitioner Marshall Sidell Crew is serving a sentence of confinement arising from a state-court conviction entered by the Superior Court of Washington for Snohomish County pursuant to a guilty plea. Dkt. No. 1-1 at 1; Dkt. No. 4 at 3. He began this action on May 21, 2024, by filing his application to proceed IFP and proposed habeas petition. Dkt. No. 1. His proposed habeas petition, seeking relief under 28 U.S.C. § 2241, challenges the validity of his conviction and sentence on the grounds of "unlawful seizure." Dkt. No. 1-1. In an attached memorandum, he argues that "a 28 U.S.C. § 2241 petition is the proper means to challenge the execution of a sentence or confinement that is not the resualt [sic] of a criminal court's judgment" and that "his confinement is NOT the result of a criminal court's judgment based on Snohomish County Superior Court's lack of jurisdiction to enter a judgment and sentence." *Id.* at 12. He offers no reason as to why Snohomish County Superior Court lacked jurisdiction to enter judgment and sentence under his guilty plea, nor does he provide any factual support for his assertion of "unlawful seizure." *See generally id.*

On June 14, 2024, U.S. Magistrate Judge Christel reviewed Crew's IFP application and proposed habeas petition. Dkt. No. 4. Based on Crew's representation that he had approximately twenty-thousand dollars ($20,000) in a retirement savings account and Crew's prison trust account summary indicating that he had an average spendable balance of forty dollars and forty-six cents ($40.46) in his trust account, Judge Christel found that "it appears Petitioner has funds sufficient to pay the five-dollar ($5.00) filing fee[.]" Dkt. No. 4 at 2. Judge

Christel therefore "directed [Crew] to pay the filing fee or provide the Court with an explanation as to why he cannot." *Id.*

Judge Christel also reviewed Crew's proposed habeas petition under Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules"). In this review, Judge Christel identified two defects in Crew's proposed habeas petition. First, while "[Crew] indicates that he is seeking relief pursuant to 28 U.S.C § 2241 and uses the standard form filing a § 2241 petition[,]" the law is clear that "the sole mechanism by which Petitioner can challenge his state-court conviction and sentence in federal court is by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254." *Id.* at 2–3 (citing *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004) ("28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment")). Second, Crew's conclusory assertion of "unlawful seizure… lacks clarity and specificity" and therefore does "not [meet] the requirements of Rule 2 of the Habeas Rules." *Id.* at 3; *see* Habeas Rules, Rule 2(c) (requiring that petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"). Judge Christel concluded that "even if [Crew] pays the filing fee…, [these] deficiencies… prevent him from filing a serviceable petition"; therefore, "if [Crew] wishes to proceed in this action, he must also file an amended § 2254 petition using the appropriate form and complying with the Habeas Rules." *Id.*

Judge Christel expressly advised that failure to pay the filing fee or show cause by July 15, 2024, would be deemed a failure to prosecute and would result in a recommendation this action be dismissed. *Id.* at 4.

Crew neither paid the filing fee nor responded to the show-cause order by the July 15 deadline. *See Dkt.* On this basis, on July 17, 2024, Judge Christel issued an R&R recommending that this action be dismissed without prejudice for failure to prosecute and failure to comply with a court order and that Crew's IFP application be denied as moot. Dkt. No. 6. On July 26, 2024, Crew filed his objections to Judge Christel's R&R. Dkt. No. 9. The Court addresses the objections below.

## 3. DISCUSSION

Crew raises nine objections to Judge Christel's R&R. The Court addresses each in turn.

First, Crew "OBJECTS to the entire Magistrate's Report and Recommendation." Dkt. No. 9 at 1. This generic objection provides no basis to doubt Judge Christel's findings or recommendations.

Second, Crew objects that the R&R "failed to apply 28 U.S.C. §1915." *Id.* This is not true. As Judge Christel explained in his Order to Show Cause, allowing a litigant to proceed IFP under Section 1915 "is a matter within the sound discretion of the trial court in civil actions." Dkt. No. 4 at 1–2 (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). Finding that Crew appeared to have the capacity to pay the five-dollar ($5.00) filing fee, Judge Christel instructed Crew to either pay it or explain why he could not. Crew failed to comply with either option.

Third, Crew objects that the R&R "failed to address Petitioner's Request for Certification in the 28 U.S.C. §2241." Dkt. No. 9 at 1. This objection seems to refer to Crew's Proposed Request for Certification attached to his proposed habeas petition. Dkt. No. 1-2. There, Crew requests that the Court certify the following

question for review by the Washington Supreme Court: "Does the proper designation of judicial officers in Article III preclude a superior court from imposing a criminal sentence without a district court arrest warrant?" *Id.* This question—which is muddled and unclear and appears to pertain to federal, not state, law—is, in any case, irrelevant to the most pressing issue preventing Crew's proposed petition from moving forward—his failure to pay the filing fee or otherwise respond to the show-cause order. As such, the Court does not find that "it is necessary to ascertain the local law of this state" as it relates to Crew's proposed question for certification "in order to dispose of [this] proceeding." *See* RCW 2.60.020.

Fourth, Crew objects that the R&R "failed to address Petitioner's Affidavit in Support of 28 U.S.C. §2241." Dkt. No. 9 at 1. But the affidavit to which this objection refers merely confirms that Crew was arrested in May 2021, convicted in Snohomish County Superior Court, and sentenced in February 2022. Dkt. No. 1-1 at 13–14. Nothing in the affidavit calls Judge Christel's findings or recommendations into question.

Fifth, Crew objects that the R&R "failed to take Judicial Notice pursuant to mandatory provision of section (b) nor was Petitioner allowed to be heard pursuant to section (e)." Dkt. No. 9 at 2. This objection appears to refer to Crew's various requests for "judicial notice" contained in attachments to his proposed habeas petition, none of which are procedurally or substantively appropriate. This objection lacks merit.

Sixth, Crew objects that the R&R "failed to order the respondent to produce a certified copy of the Arrest Warrant, which is necessary for claimed adjudication."

Dkt. No. 9 at 2. In support of this objection, Crew cites *Brady v. Maryland*, 373 U.S. 83 (1963). But *Brady* gives defendants a right to receive exculpatory evidence from the prosecution in criminal cases. *See id.* Its relevance to Crew's proposed habeas petition is entirely unclear. If Crew wishes to allege that his underlying conviction was obtained in violation of *Brady*, then his habeas petition would need to make this clear. Yet Crew never complied with Judge Christel's instruction to submit an amended habeas petition specifying the factual grounds for relief.

Seventh, Crew objects that the R&R "failed to consider whether or not an evidentiary hearing would benefit a merits resolution, or Petitioner's right to contest factual disputes and expand the record." Dkt. No. 9 at 2. This objection fails to address the main bases of Judge Christel's recommendations: Crew's failure to pay the filing fee and to submit a proper, amended habeas petition. Nothing before the Court suggests that an evidentiary hearing or expanded record is procedurally appropriate or would absolve these failures.

Eighth, Crew objects that the R&R "asserts a Procedural Defense without any party asserting the defense[.]" Dkt. No. 9 at 2. This is not true. Judge Christel's recommendation to dismiss for failure to prosecute is based not on any defense but on the Court's duty to manage its own docket and to administer the IFP system in accordance with sound principles of law and equity.

Ninth, Crew objects that the R&R "recharacterizes the Petitioner from a 28 U.S.C. §2241 to a 28 U.S.C. §2254." Dkt. No. 9 at 2. Again, this is not true. The R&R does not recharacterize Crew's proposed petition. To the contrary, it recommends

dismissal based in part on *Crew's* failure to file the proper petition under §2254. That failure persists.

In sum, none of Crew's objections to the R&R have merit. Crew has still not complied with the court order to either pay the filing fee or show cause as to why he cannot. Accordingly, the Court ADOPTS the R&R in full, Dkt. No. 6, and DISMISSES this case without prejudice for failure to prosecute and to follow a court order. *See Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum … is properly met with the sanction of a Rule 41(b) dismissal.").

## 4. CONCLUSION

The Court FINDS that Crew's objections to the R&R lack merit. Pro se Petitioner Marshall Sidell Crew has failed to prosecute this action and has failed to comply with a court order. As such, the Court APPROVES and ADOPTS the R&R in full, Dkt. No. 6; DISMISSES this case without prejudice; and DENIES Crew's IFP application as moot, Dkt. No. 1.

It is so ORDERED.

Dated this 31st day of March, 2025.

Jamal N. Whitehead
United States District Judge